UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 2 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

WAYNE SMITH EL BEY, )
)
Plaintiff, )
)
v. ) Civil Action No. 14-1221 (UNA)
)
STATE OF NEW JERSEY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed with prejudice.

Plaintiff alleges that he has been "charged with a crime [he] did not commit" and detained at a New Jersey correctional facility since August 2013. Compl. at 3 (page numbers designated by the Court). He alleges that he has been denied due process of law and subjected to cruel and unusual punishment in violation of the Fifth and Eighth Amendments to the United States Constitution. *See id.* Further, plaintiff asserts that he is not subject to the jurisdiction of the New Jersey courts, *see id.* at 4, because of his status as an "Aboriginal Indigenous Moorish-American," *id.* at 1. He demands dismissal of the criminal charges against him and an award of compensatory and punitive damages. *See id.* at 13-15.

The Court will dismiss this action on the ground that plaintiff's claim is patently frivolous. *See, e.g., In re Bey*, 532 F. App'x 46, 46 (3d Cir. 2013) (per curiam) (denying petition

for writ of mandamus compelling Superior Court of New Jersey to dismissal criminal proceedings against him for lack of jurisdiction because he is Moorish American citizen); *United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous arguments "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen"); *Idrissa El ex rel. Brewton v. Bean*, No. 1:14-cv-96, 2014 WL 2812786, at *2 (W.D.N.C. June 23, 2014) (dismisses action with prejudice, stating that "[p]laintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous"); *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1135 (D.C. 2008) (rejecting claims that criminal defendant was "immune from prosecution in the Superior Court of the District of Columbia" and that he "should be accorded diplomatic immunity pursuant to federal law" based on his status as a member of The Nation of Moorish Americans); *see also El Bey v. Centralia Police Dep't*, No. 13-313, 2013 WL 1788514, at *3 (S.D. Ill. Apr. 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship.").

Insofar as the plaintiff asserts that his incarceration violates the United States Constitution and that compensatory damages are warranted, the claims fail. "[A] criminal defendant may not recover damages under 42 U.S.C. § 1983 for 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir.

1996) (citing *Heck v. Humphrey,* 512 U.S. 477, 487 (1994)). Plaintiff does not demonstrate that his conviction or sentence has been invalidated, and therefore, his claim for damages is meritless.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge
J. Bates

DATE: 8-20-14